## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FNU SACHIN | ) | |
| | ) | |
| Petitioner,[1] | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1260-SLP |
| | ) | |
| CHRIS GANTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **O R D E R**

Petitioner, Sachin, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1].  Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Shon T. Erwin.  The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 12], and the matter is at issue.  The Court reviews de novo any portion of the R&R to which a specific objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

---

[1] As noted by the Magistrate Judge, there appears to be discrepancies surrounding Petitioner's first name.  *See* Report & Recommendation [Doc. No. 11] at 1 n. 1.

## I.    <u>Background</u>

Petitioner, a citizen of India, entered the United States on or around May 10, 2022, near Yuma, Arizona    Petitioner subsequently filed an application for asylum on August 5, 2022.   United States Citizenship and Immigration Services granted Petitioner an authorization to work in the United States on or around February 5, 2023, which was subsequently renewed on May 14, 2025.

On May 26, 2026, Petitioner was detained by Immigration and Customs Enforcement (ICE) after a traffic stop in Oklahoma.   The next day, Petitioner was subsequently placed by ICE into removal proceedings through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A).   When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

On May 30, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution.    Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.    <u>Discussion</u>

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral

Immigration Judge (IJ) within seven (7) business days or, in the alternative, for Respondents to release Petitioner from custody.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees.  *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026); *see also Kudratov v. Siegel*, No. CIV-26-83-SLP, 2026 WL 1232387 at *2 (W.D. Okla. May 5, 2026) (rejecting the respondents' contention that the filing of an application for asylum equates to seeking admission under § 1225(b)(2)).  The Court's previous determinations are in accord with the Tenth Circuit's recent decision, *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026), holding that "§ 1225(b)(2)(A)'s application is limited to the border."  *See also id*. at 1239 ("A noncitizen . . . cannot request admission after the fact" and, "[s]o, for instance, a noncitizen who later receives . . . asylum, does not become admitted even though he has lawful status.").[2]  The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART.  Respondents are

---

[2] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days[3] of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.[4]

A separate judgment shall be entered.

IT IS SO ORDERED this 3rd day of August, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Magistrate Judge recommended ordering the Respondents to provide Petitioner a bond hearing within seven (7) *business days*. *See* R&R at *8.  The Court finds that ordering Respondents to provide a bond hearing within seven (7) *days* is appropriate.  *See Quiroz*, 130 F.4th at 1251 n. 13.

[4] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.